State, Jersey City L. & B. Co., pros., v. Love.

STATE, JERSEY CITY LAND AND BASIN COMPANY, PROSECUTORS, v. JAMES H. LOVE ET AL.

STATE, BENJAMIN EDGE, PROSECUTOR, v. JOHN E. SCOTT, CITY CLERK, ET AL.

Where writs of *certiorari* are prosecuted merely to set aside assessments of taxes on land, and not to review proceedings in aid of the prosecutor's title, they must be applied for promptly, before the public have been subjected to the delay, expense and loss incident to the legal methods of collection and sale.

On *certiorari*. In matter of taxation.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the prosecutors, *A. T. McGill, Jr.*, and *William C. Fisk*.

For the defendants, *Leon Abbett*.

The opinion of the court was delivered by

SCUDDER, J. These writs bring up the assessments for city general taxes for the years 1872, 1873, and 1874, in one case, and in the other, for the years 1869, 1870, 1871, 1872, 1873, and 1874. They were also issued to bring up certain alleged proceedings for the sale of the lands assessed for taxes,

but no return of such proceedings has been made in either case, because, as appears in the state of the case, the defendants have consented to the setting aside of the tax sales.

These writs are therefore prosecuted, not to review proceedings upon which deeds, declarations of sale, and conveyances are founded, under the act of 1869, (*Rev.*, *p.* 1046, § 15,) and in aid of the prosecutors' title, but merely to set aside the assessments of taxes on their lands.

The single legal objection to these assessments is that the lands were, at the time, below high-water mark. Admitting this to be so, no reason is given for the delay of the prosecutors in seeking their remedy.

The wise rule stated in *State* v. *Hudson City*, 5 *Dutcher* 115, *State, Weart, pros.*, v. *Jersey City*, 12 *Vroom* 510, and in other cases, should be enforced. Such delay manifests laches, for which the writs should be dismissed, without considering the alleged grievances over which the prosecutors have slept so long. In cases of assessments for general taxes, applications for review must be made promptly, before the public have been subjected to the expense and loss incident to the methods of collection. The tax-payer who takes all the time that collectors will give him, and until they are obliged to make sale of the assessed lands for taxes, is entitled to little favor, when seeking to set aside the assessment.

In these cases, the prosecutors have never disclaimed the ownership of this land, but, on the contrary, they, and those under whom they claim title, have always asserted their right to it, and have mapped and sold the property, from time to time, as their own, prior to the grant from the state, in November, 1874, and since.

Having now learned that it has been decided that lands on tide-waters, below high-water mark, belong to the state, they seek to avoid the taxes assessed upon these lands prior to the state grant in 1874, which have been so long delayed in payment. If the court should relax the rule holding tax-payers to promptness in the review of such assessments, many others might now ask similar relief, and the city would be seriously

embarrassed and hindered in the collection of taxes. This will only be done where the court is constrained to do so under the provisions of the act of 1869, allowing time for such review in aid of title.

In State, Winants, pros., *v.* Jersey City, at the present term, the writs were issued in aid of title, where the lands had been sold for taxes, and for this reason the court held the writs, and adjudged the assessments void.

In these cases, as the purpose is to set aside the assessments only, we think the prosecutors are precluded, by the lapse of time, from questioning the assessments.

The sales to the city will be set aside, and the writ of *certiorari* dismissed, without costs.